Fremont-Smith, J.
Stephen Crook’s indictment for armed assault with intent to murder arises out of the savage beating of a victim by two white males on October 1, 1995 in Somerville. Following up some leads, the Somerville police arrested Crook at his home without a warrant. (See this Court’s handwritten order dated April 8, 1996, denying defendant’s “Motion to Suppress” all property seized from Crook’s person and home.) After his arrest, he was transported to the Somerville police station and booked. Although observed by the officers to be somewhat under the influence of drugs, i.e., to be agitated and to have glassy eyes, he answered all the booking questions cooperatively, intelligently and coherently. When read his Miranda rights at the station, he stated that he understood them, but made no other response. He was placed in a cell at 2:14 a.m. and, around 3:15 a.m., another police officer (who had been at the Massachusetts General Hospital with the victim) returned to the police station with photographs which showed the victim’s face to be a bloody pulp. The officer took these to defendant’s cell with another officer, and when he attempted to read the Miranda rights again to defendant, he abruptly interrupted, stating “I know my rights,” and added that he had previously been in prison. He was then shown the photographs, and, upon taking them to examine them closely, he stated: “there’s no way I could have done that much.” Defendant now moves to suppress this statement, arguing that the police, when they showed him the photographs, failed to “scrupulously honor” his previous invocation of his right to remain silent, citing Commonwealth v. Jackson, 377 Mass. 319, 326 (1979), and Commonwealth v. Brant, 380 Mass. 876, 884 (1980), cert. denied, 449 U.S. 1004.
While it is true that a defendant’s invocation of the right to counsel or the right to remain silent must be scrupulously honored, Commonwealth v. Brant, supra, at 884, here the evidence was uncontroverted that Crook never invoked his Miranda rights. While he had indicated his understanding of his rights, he had otherwise remained silent until confronted with the photographs, and had never told police that he did not wish to make a statement, as in Commonwealth v. Jackson, 377 Mass. 319, 326 (1979), or that he did not desire to proceed with questioning in the absence of his attorney, as in Commonwealth v. Brant, 380 Mass. 876, at 880. Here, unlike in those cases, the police did not persist in questioning of a defendant subsequent to the defendant’s having clearly invoked his rights. On the contrary, defendant, after being fully informed of his rights, and after having indicated his understanding thereof, indicated nothing one way or the other until, when shown accurate photographs of the victim following the assault, he made a knowing and voluntary statement.
ORDER
For the above reasons, defendant’s motion to suppress statements is DENIED.